# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ROSA LUNA, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.: |
| v. | § § | _____ |
| CROSSFIRE GYMNASTICS & CHEER, LLC | § § § | JURY DEMAND |
| Defendant. | § § § | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages and injunctive relief to redress unlawful employment practices committed by Defendant Crossfire Gymnastics & Cheer, LLC ("Defendant"), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., including sex discrimination, hostile work environment, sexual harassment, and retaliation, which culminated in Plaintiff Rose Luna's ("Luna") constructive discharge.

### II. JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e 5(f)(3).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 because Defendant conducts business and the unlawful employment practices occurred in

Houston County, Alabama which is within the Middle District of Alabama, Southern Division.

### III. PARTIES

4. Plaintiff Rosa Luna (hereafter "Plaintiff" or "Luna") is a female citizen of the United States, residing in Midland City, Alabama.

5. Defendant Crossfire Gymnastics & Cheer, LLC, (hereafter "Defendant") is an Alabama limited liability company with its principal place of business in Houston County, Alabama. Defendant employed at least 15 employees during the relevant time period and is an "employer" within the meaning of Title VII.

### IV. ADMINISTRATIVE EXHAUSTION

6. Luna timely filed her a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging sex discrimination, hostile work environment, sexual harassment, retaliation, and constructive discharge.

7. Luna received a Notice of Right to Sue and has filed this action within 90 days.

### V. STATEMENT OF FACTS

8. Luna worked as a coach/instructor for Defendant from approximately March 2022 until June 2022.

9. After a staffing change, Luna was assigned to work closely with Alicia Wriston, the owner's sister.

10. Before working together regularly, alicia had made unwanted flirtatious and sexual comments to Luna.

11. On or about May 3, 2022, Alicia asked Luna if she could touch her breast. Luna said no and reported the incident to Kelley Pynes, a manager.

12. Defendant failed to take appropriate corrective action and instead dismissed or ignored Luna's complaint.

13. After Luna's report, Alicia's inappropriate conduct escalated to include nonconsensual touching and mocking Luna for reporting her.

14. Defendant deliberately continued to assign Luna to work alongside Alicia despite Luna's repeated objections and complaints, thereby retaliating against Luna for engaging in protected activity.

15. Defendant also retaliated against Luna's mother, who worked at the gym, further contributing to the hostile work environment.

16. As a result of the severe and pervasive harassment, Defendant's failure to remedy the situation, and the retaliatory assignment to work with the harasser, Luna's working conditions became so intolerable that she was forced to resign-constituting a constructive discharge.

17. As a result of Defendant's actions and/or inactions, Luna suffered immense harm, including but not limited to the loss of continued employment, emotional distress, and humiliation.

## VI.  CAUSES OF ACTION

### Count I: Sex Discrimination (Title VII, 42 U.S.C. § 2000e-2)

18. Luna re-alleges paragraphs 1 through 16.

19. Defendant subjected Luna to less favorable terms and conditions of employment, including sexual harassment, ignoring her complaints, retaliating against her, because of her sex.

20. Defendant's actions violated Title VII's prohibition against discrimination based on sex.

### Count II: Hostile Work Environment (Title VII, 42 U.S.C. § 2000e-2)

21. Luna re-alleges paragraphs 1 through 16.

22. Defendant subjected Luna to severe and pervasive sexual harassment that altered the terms and conditions of her employment and created an abusive and hostile working environment.

23. Defendant knew of the harassment and failed to take prompt and appropriate corrective action.

24. The hostile work environment, left unremedied, culminated in Luna's constructive discharge.

### Count III: Retaliation (Title VII, 42 U.S.C. § 2000e-3)

25. Luna re-alleges paragraphs 1 through 16.

26. Luna engaged in protected activity by reporting sexual harassment.

27. Defendant retaliated against Luna by deliberately continuing to assign her to work alongside her harasser despite Luna's repeated objections, and by creating or maintaining intolerable working conditions that ultimately forces Luna to resign.

28. Defendant's retaliatory conduct violated Title VII.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE,** Luna respectfully requests that this Court:

a. Declare Defendant's conduct unlawful and in violation of Title VII;

b. Award Luna back pay, front pay, compensatory damages, punitive damages, and other appropriate monetary relief;

c. Award Luna costs, expenses, and reasonable attorney's fees;

d. Grant such other and further relief as the Court deems just and proper.

Dated: May 1, 2025.

/s/ Eric C. Sheffer
Eric C. Sheffer
**Counsel for Plaintiff**

OF COUNSEL:
**WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
E-mail: esheffer@wigginschilds.com

**Luna demands a trial by jury on all issues so triable.**

/s/ Eric C. Sheffer
**OF COUNSEL**